THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Paris G. Avery, Appellant.
 
 
 
 
 

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2011-UP-140   
 Submitted February 1, 2011  Submitted
April 5, 2011

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia;
 and Solicitor Issac McDuffie Stone, III, of Beaufort, for Respondent.
 
 
 

PER CURIAM: Paris G. Avery appeals her conviction for
 homicide by child abuse.  On appeal, Avery
 contends the trial court erred in denying her motion for a directed verdict
 because the State failed to prove her
 conduct rose to the level of extreme indifference as required by the homicide
 by child abuse statute.  We disagree.[1]
An individual is guilty of
 homicide by child abuse if that individual "causes the death of a child
 under the age of eleven while committing child abuse or neglect, and the death
 occurs under circumstances manifesting an extreme indifference to human
 life."  S.C. Code Ann. §16‑3‑85(A)(1) (2003).  "'[C]hild
 abuse or neglect' means an act or omission by any person which causes harm to
 the child's physical health or welfare."  S.C. Code Ann. § 16‑3‑85(B)(1). 
 The South Carolina Supreme Court has defined "extreme indifference"
 as "a mental state akin to intent characterized by a deliberate act
 culminating in death."  McKnight v. State, 378 S.C. 33, 48, 661
 S.E.2d 354, 361 (2008) (citation omitted).    
First, the State produced
 evidence Avery caused the death of a
 child while committing child abuse.  The State established (1) the
 concentration of Hydroxyzine in the child's body at the time of his death was
 approximately six times higher than the amount that would be expected if the
 medication were given therapeutically; (2) Hydroxyzine is "rapidly
 absorbed" and has a peak concentration in the blood within two to three
 hours after the medicine is given; (3) Avery was the only caretaker home with
 the child two to three hours before his death; (4) neither of the child's other
 two caretakers that day, the daycare worker and the babysitter, had access to
 the Hydroxyzine; and (5) the child died from the side effects of the
 "potentially lethal" dose of the drug.  
Second, the State produced
 evidence the child died under circumstances manifesting an extreme indifference
 to human life.   The State established Avery committed the deliberate act of
 giving the child Hydroxyzine and the child died from the side-effects of a
 "potentially lethal" dose of Hydroxyzine.  Although she may not have intended her act to
 culminate in the child's death, viewing the evidence in the light most
 favorable to the State, the State established Avery committed a deliberate act
 and the child died as a result of that act.  
Accordingly, the evidence supported submitting the case to the jury.  
AFFIRMED.
FEW, C.J., THOMAS and
 KONDUROS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.